UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 12 B 12318 |
| ) | |
| PHILLIP AND NOREEN HARRIS, ) | Chapter 13 |
| ) | |
| Debtors. ) | Honorable Janet S. Baer |
| ) | |

**MEMORANDUM OPINION**

Most requests to avoid judicial liens focus on whether those liens may be validly avoided. This matter presents the less common issue of *when* a judicial lien can be avoided. Debtors Phillip and Noreen Harris (the "Debtors") have moved to avoid the judicial lien of United Credit Union (the "Creditor"). The Creditor admits that the lien may be avoided but contends that it need not release the lien unless and until the Debtors complete their chapter 13 plan and receive a discharge. For the following reasons, the Debtors' motion will be granted, but the lien will be avoided only after entry of the Debtors' discharge.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is properly placed in this Court pursuant to 28 U.S.C. § 1409(a).

## II. FACTS AND BACKGROUND

The pertinent facts, drawn from the parties' pleadings, the exhibits to the pleadings, and the Court's docket, are few and undisputed:

1. On March 27, 2012, the Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. (Debtors' Mot. ¶ 4; Creditor's Resp. ¶ 4.)

2. At the time of the filing, the Debtors owned homestead property located at 2601 E. 92nd Street in Chicago, Illinois (the "Subject Property"). (Bankr. Docket No. 1, Sch. A.)

3. Pursuant to Zillow, the Subject Property is valued at $144,300. (Debtors' Mot. ¶ 9 & Ex. C.) The Creditor does not dispute this valuation figure.

4. As of the petition date, the Subject Property was encumbered by a mortgage with a principal balance of $164,957. (*Id.* at ¶ 10.)

5. On their schedule C, the Debtors claimed a homestead exemption, pursuant to 11 U.S.C. § 522(b)(3) and 735 Ill. Comp. Stat. 5/12-901 (West 2010), in the amount of $15,000 with respect to the Subject Property. (Bankr. Docket No. 1, Sch. C; Debtors' Mot. ¶ 8 & Ex. B.)

6. About nine months before the filing of the bankruptcy case, the Creditor was awarded a monetary judgment in the amount of $10,732.12 against debtor Noreen Harris. (Debtors' Mot. ¶ 5 & Ex. A; Creditor's Resp. ¶ 2.)

7. The subsequent filing of the judgment with the Office of the Cook County Recorder of Deeds fixed a lien on the Subject Property. (Debtors' Mot. ¶ 6; Creditor's Resp. ¶ 3.)

8. The payoff balance owed to the Creditor at the time of the bankruptcy filing was $7,425.25. (Creditor's Resp. ¶ 5.)

9. On July 30, 2012, the Debtors filed a motion to avoid the Creditor's lien. (Bankr. Docket No. 32.) About two months later, on September 25, 2012, the Creditor filed a response to the motion, conceding that the lien at issue is a judicial lien that may be avoided but arguing that the Creditor is not required to release the lien until the Debtors have completed their chapter 13 plan and obtained their discharge. (Bankr. Docket No. 37.)

### III. **DISCUSSION**

The Debtors seek to avoid the Creditor's lien pursuant to section 522(f)(1)(A) of the Bankruptcy Code.[1] That statute provides, in pertinent part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien[.]" 11 U.S.C. § 522(f)(1)(A). To avoid a lien under section 522(f)(1)(A), a debtor must prove that: (1) the lien sought to be avoided is a judicial lien; (2) the lien impairs an exemption that the debtor has claimed and to which the debtor would have otherwise been entitled; and (3) the debtor has an interest in the property. *Id.*; *In re Moreno*, 352 B.R. 455, 458 (Bankr. N.D. Ill. 2006).

There is no dispute that all three elements have been met for the avoidance of the lien here, and, in fact, the Creditor admits that the lien is a judicial lien that can be avoided under

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

3

section 522(f)(1)(A). The Creditor argues, however, that the Debtors are not entitled to avoid the lien before receiving a discharge. The only issue before the Court, then, is whether lien avoidance under section 522(f) is effective immediately or whether it must be conditioned on completion of the Debtors' chapter 13 plan and the subsequent entry of discharge in the case pursuant to section 1328(a).[2]

Courts addressing this question have reached different conclusions about when section 522(f) lien avoidance is effective, and there is no binding case law in the Seventh Circuit on the issue. A majority of courts, however, hold that lien avoidance under section 522(f) is not effective until the debtor completes his plan and receives a discharge and, thus, condition section 522(f) orders releasing liens on the issuance of discharge. *See In re Prince*, 236 B.R. 746, 750-51 (Bankr. N.D. Okla. 1999); *In re Stroud*, 219 B.R. 388, 390 (Bankr. M.D.N.C. 1997); see also *In re Mulder*, No. 810-74217-reg., 2010 WL 4286174, at *2-3 (Bankr. E.D.N.Y. Oct. 26, 2010) (recognizing the majority view but disagreeing with it).[3]

---

[2] Section 1328(a) provides, in relevant part, that "as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan[.]" 11 U.S.C. § 1328(a).

[3] Courts deciding lien avoidance issues in other contexts have agreed with the majority's conclusion. *See, e.g., Lantzy v. Rojas (In re Lantzy)*, BAP No. CC-10-1057-KiLPa, Bankr. No. 08-20561-KT, 2010 WL 6259984, at *4 (B.A.P. 9th Cir. Dec. 7, 2010) (stating that "'a lien strip under § 522(f), which is very similar to the valuation and stripping of a consensual lien, is not final until discharge'"); *Victorio v. Billingslea,* 470 B.R. 545, 554 (S.D. Cal. 2012) (noting in the context of stripping a wholly unsecured junior lien in a chapter 20 case that "lien avoidance . . . does not become permanent until the debtor completes all payments under the plan and receives a discharge"); *In re King*, 290 B.R. 641, 651 (Bankr. C.D. Ill. 2003) (explaining that "the lien-avoiding effect of the confirmed plan [at issue], while established at confirmation, is contingent upon a discharge pursuant to Section 1328"); *Potter v. Mortg. Lenders Network, USA (In re Potter)*, Bankr. No. 00-10595, Adv. No. 01-01031, 2001 WL 36159722, at *4 (Bankr. D. Vt. Sept. 21, 2001) (granting the debtors' summary judgment motion avoiding a mortgage lien but requiring that the lien avoidance order "provide that it shall not be entered upon the real estate

Courts that condition the avoidance of judicial liens on the issuance of discharge explain that doing so ensures that creditors' interests are protected. *Stroud*, 219 B.R. at 390. The majority acknowledges that section 349(b)(1)(B) provides creditors with some protection by mandating that a judicial lien be reinstated upon dismissal of a bankruptcy case. *Prince*, 236 B.R. at 749-50; *Stroud*, 219 B.R. at 390. That statute provides, in relevant part, that "[u]nless the court, for cause, orders otherwise, a dismissal of a case . . . reinstates . . . any transfer avoided under section 522 . . . ." 11 U.S.C. § 349(b)(1)(B).

Although section 349(b)(1)(B) protects creditors by reinstating their liens upon dismissal of a case, the statute does not provide creditors with absolute protection. Instead, it "undoes the bankruptcy case only 'as far as practicable.'" *Mulder*, 2010 WL 4286174, at *3 (*quoting* H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977)). If a debtor has sold encumbered property to a third party, for example, the reinstatement provided under section 349(b)(1)(B) becomes meaningless. *Stroud*, 219 B.R. at 389. A creditor in such a situation will suffer "irreversible harm" in trying to "reattach the lien" or "be left with no security in which to satisfy [its] claim" upon dismissal of a chapter 13 case. *Id.* at 390; *see also Potter*, 2001 WL 36159722, at *4 (requiring entry of a discharge order prior to entry of a lien avoidance order "[i]n order to ensure that the operation of § 349(b)(1)(B) is not impaired and the subject property is not irreparably compromised during the pendency of th[e] case").

---

records relating to the subject property until an order of discharge has been entered in th[e] bankruptcy case"); *Lee Servicing Co. v. Wolf (In re Wolf)*, 162 B.R. 98, 109 (Bankr. D.N.J. 1993) (stating that if "the debtors do not complete all payments required by the plan, they are not entitled to have any liens cancelled of record, any more than they are entitled to a discharge under Code section 1328. Otherwise, the debtors might not have sufficient incentive to complete the plan payments after the liens are cancelled.").

5

In addition to section 349(b)'s failure to provide creditors with complete protection, the practical application of reinstating a lien under the statute is burdensome and fraught with problems. "One c[an] argue that § 349(b)(1)(B) is self-effectuating in nature" and that, if a case is dismissed, the avoidance of a lien is automatically invalidated. *Prince*, 236 B.R. at 749. "While such a proposition is theoretically correct . . . , its practical application is problematic. Once a lien upon real estate has been avoided, and the order of avoidance made part of the appropriate real estate records, the reversal of the lien avoidance is akin to unringing a bell." *Id.* at 749-50.

In addressing these concerns in a case with facts similar to those in the instant matter, the *Stroud* court granted the chapter 13 debtors' motion to avoid the creditor's judicial lien, provided that the debtors obtained a discharge in the bankruptcy. *Stroud*, 219 B.R. at 390-91. The court ordered that if the property at issue were sold during the chapter 13 case, the trustee was to hold the proceeds of the sale in escrow pending the debtors' successful completion of the plan. *Id.* at 391. If the debtors completed their plan, then the trustee would give those proceeds back to the debtors. *Id.* If the debtors did not complete their plan, then the creditor's lien on the property would be transferred to the net proceeds of sale. *Id.* The court also directed that upon entry of an order of discharge in the case, the debtors were to attach a certified copy of the discharge order to a certified copy of the order avoiding the lien and file the two orders together in the Office of the Clerk of Superior Court in the appropriate county. *Id.*

The *Prince* court reached the same decision and entered a similar order. "[T]o ensure that the operation of § 349(b)(1)(B) [wa]s not impaired," the court required that the order of lien avoidance not be entered upon the real estate records relating to the homestead before the entry

of an order of discharge in the case. *Prince*, 236 B.R. at 750. Accordingly, the court granted the motion to avoid the judicial lien but ordered that the debtors wait to file it "unless and until they receive an order of discharge." *Id.* at 750-51. The court further ordered that the debtors were "prohibited from transferring or encumbering" the subject property unless either they received a discharge or "th[e] [c]ourt enter[ed] a specific order authorizing said sale or encumbrance." *Id.* at 751. The court noted the "limited nature" of its decision, explaining that, in most cases, motions to avoid liens are "routinely granted" and orders avoiding the liens entered prior to entry of discharge orders. If, however, "a creditor objects to the entry of an order of lien avoidance prior to discharge," the court said, "it must file a written resistance to [the] motion seeking lien avoidance." *Id.* at 750.

In contrast to the majority view, a minority of courts find that section 522(f) lien avoidance "cannot be made subject to any subsequent event." *Mulder*, 2010 WL 4286174, at *3; *see also In re Ferrante*, No. 09-13098/JHW, 2009 WL 2971306, at *4 (Bankr. D.N.J. Sept. 10, 2009) (stating that "an order for § 522(f) lien avoidance may be effected immediately, and may not be conditioned upon the debtor's successful achievement of a discharge"). These courts note that nothing in the Code suggests that section 522(f) lien avoidance "is anything other than immediate." *Mulder*, 2010 WL 4286174, at *4. They explain that if a debtor moves for lien avoidance on the ground that the lien impairs his exemption under section 522(f), creditors are afforded sufficient protection under section 349(b). *Id.* at *2; *Ferrante*, 2009 WL 2971306, at *4. According to the minority, that section "was not intended to function as a limitation on any section of the Bankruptcy Code while the case is pending." *Mulder*, 2010 WL 4286174, at *3. Faulting the majority for equating discharge (which does not trigger section 349) with dismissal

(which does trigger section 349), the minority points out that failure to receive a discharge does not go "hand in hand with dismissal of a case," explaining that there are "fact[ual] scenarios under which a case may be closed without a discharge but not 'dismissed.'" *Id.* at \*2-3. Although the minority position acknowledges that the practical problems faced by creditors who seek to reinstate liens are "real and appropriate," those courts maintain that such concerns "do not overcome the statutory framework by which property exempted by the debtor without timely objection is exempt and available for the debtor's use . . . without regard to the issuance of a discharge." *Ferrante*, 2009 WL 2971306, at \*5.

Having considered both sides of the issue, the Court agrees with the majority and concludes that, in light of the Creditor's objection, lien avoidance in this case must be conditioned on the Debtors' completion of their chapter 13 plan and the granting of a discharge in order to ensure that the Creditor's interests are protected. The Debtors are entitled to a fresh start, but only after they have completed their plan and received a discharge. *See Stroud*, 219 B.R. at 390; *Potter*, 2001 WL 36159722, at \*4. Accordingly, the Court holds that the judicial lien here may be avoided, provided that the Debtors make all of their plan payments and obtain a discharge in the bankruptcy case. The lien avoidance order, entered concurrently with this Memorandum Opinion, shall not be filed in the real estate records relating to the Subject Property until an order of discharge has been entered in the case, and the Creditor need not release its lien until then. The Debtors are prohibited from transferring or encumbering the Subject Property unless either they receive a discharge or the Court enters a specific order authorizing such sale or encumbrance.

In so ruling, the Court echoes the *Prince* court's caveat about the limited nature of this

decision. Motions to avoid liens will continue to be routinely granted by the Court, with corresponding orders entered prior to entry of discharge, unless creditors submit "written resistance" to such motions.

## IV. CONCLUSION

For the foregoing reasons, the Debtors' motion to avoid the Creditor's judicial lien is conditionally granted, provided that the Debtors complete their chapter 13 plan and obtain a discharge in the bankruptcy. A separate order will be entered consistent with this Memorandum Opinion.

Dated: 11\26\12                                     ENTERED:

                                                    _____
                                                    JANET S. BAER
                                                    United States Bankruptcy Judge